BY THE COURT.
This bill is brought to correct a mistake in a conveyance. It alleges, that to procure a mill privilege free of dispute, the complainant purchased of the defendants, the channel of Stillwater creek, and a narrow strip of ground on the east bank; that *334 the surveyor employed to run off the land, run one of the courses north two degrees east, and so made his notes; but by mistake, the deed describes that line as north.twenty degrees east.
The answer admits the contract, and the employment of a surveyor but denies all knowledge of any mistake in the line mentioned, or in the deed.
By the evidence it appears, that the line actually run by the surveyor, was upon the bank of the creek, while a line run according to the field notes filed, would fall below the bank, and in some places, run into the creek some distance. A line run according to the calls of the deed will be on the bank, leaving a narrow strip along it, but will embrace more ground than is named in the deed; but the quantity is described in the deed as more or less. The defendant took possession under the deed.
328] *It was, ho doubt, the intention of these parties, to convey a mill privilege — the creek, including the bed and banks. But, before this court can take jurisdiction to correct mistakes, it must be assured of the existence of the mistake it corrects. It must be of a mistake in reducing a contract to writing, not a mere error in settling the terms of the contract, by which a party has failed to make as good a bargain as he expected. What is the mistake we are asked to correct? It is conceded that to make this deed conform to the field notes of the surveyor, would wholly defeat the object of the grant, and so that claim is abandoned. If it were not, equity would never so reform a contract as to defeat its object. -But, we are asked to come as near to that as we can, and effect the main object of the purchase. Is not this asking us to make a new contract for the parties, instead of correcting a mistake, in carrying into execution one made by themselves ? This court has no such power. We must either let the deed stand good for what land is described within it, or find some other possible mistake, and make a contract to square with what might have been agreed upon by the parties. We are not <lisj>osed to do either of the latter. The land claimed by the complainant, beyond what is admitted to have been sold, is but three or four acres, in a narrow strip along the creek bank, subject to wash, and presents no very strong claim to the favorable consideration of a chancellor.
The bill is dismissed.